USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/5/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALPHONSO SYVILLE

                       Plaintiff,

-against-

CITY OF NEW YORK; DEPARTMENT OF
HOMELESS SERVICES; DHS PEACE
OFFICERS SERVICE,

                       Defendants.

19-CV-9988 (VEC)

ORDER OF SERVICE

VALERIE CAPRONI, United States District Judge:

      Plaintiff, appearing *pro se*, brings this action under the Americans with Disabilities Act of 1990 and the Rehabilitation Act of 1973, alleging that Defendants assaulted him and denied him needed assistance at a homeless shelter. Plaintiff's claims are also construed as being brought under 42 U.S.C. § 1983 and state law. By order dated November 25, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

**STANDARD OF REVIEW**

      The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

A.  **New York City Department of Homeless Services**

Plaintiff's claims against the New York City Department of Services (DHS) must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

B.  **Service on the City of New York**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*,

378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## C.   John Doe Defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit DHS to identify the John Doe peace security officers who allegedly denied Plaintiff assistance and assaulted him on July 2, 2019. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of DHS, must ascertain the identity of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended

complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package. The Court dismisses Plaintiff's claims against the New York City Department of Homeless Service. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is further instructed to complete the USM-285 forms with the address for the City of New York and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is also directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, NY 10007. An "Amended Complaint" form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: December 5, 2019
       New York, New York

                                                      VALERIE CAPRONI
                                                      United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

New York City
New York City Law Department
100 Church Street
New York, NY 10007