UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALPHONSO SYVILLE,<br><br>                                  Plaintiff,<br><br>           -against-<br><br>CITY OF NEW YORK, LEONARD BAILEY, SOLOMON WATERTON, FLORITA LINDER, FLORINE BUMPERS, SHANTE JONES, KASHENA STUKES,<br><br>                                  Defendants. | 19cv09988 (VEC) (DF)<br><br>**ORDER OF SERVICE** |

**DEBRA FREEMAN, United States Magistrate Judge:**

In his Second Amended Complaint, Plaintiff, who is proceeding in this action *pro se*, has named a number of individual defendants who are or were employed by the Department of Social Services ("DSS"). Except for defendant Solomon Waterton ("Waterton"), those defendants have now all waived service of process, through DSS. (*See* Dkt. 22.) According to counsel for the City of New York, however, DDS has not been able to reach Waterton to obtain his consent for DSS to waive service on his behalf. (*See* Dkt. 20.) Thus, service on Waterton needs to be effectuated.

## DISCUSSION

As Plaintiff has been granted permission to proceed in this case without prepayment of fees, *i.e.*, *in forma pauperis* ("IFP"), he is entitled to rely on the Court and the U.S. Marshals Service to effect service of process on Waterton. *See Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff, given his IFP status, would not have been able to serve an Amended Summons and the Second Amended Complaint until the Court reviewed the amended pleading and ordered that an Amended Summons be issued.  The Court therefore extends the time to serve until 90 days after the date an Amended Summons is issued.  If the Second Amended Complaint is not served within that time, then Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

This Court also notes that, by Order dated March 18, 2020, it deemed the Second Amended Complaint to be amended further, so as to include, as attachments, the documents that were attached to Plaintiff's original pleading.  (*See* Dkt. 19.)  <u>Accordingly, service on Waterton should not only include an Amended Summons and the Second Amended Complaint (Dkt. 17), but should also include a copy of the Court's Order of March 18, 2020 (Dkt. 19); and the attachments to Plaintiff's original Complaint (Dkt. 1)</u>.  To allow Plaintiff to effect service of these materials on Waterton through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant.  The Clerk of Court is further instructed to issue an Amended Summons and deliver to the Marshals Service all the paperwork necessary – including the documents identified above – for the Marshals Service to effect service upon this defendant.

## **CONCLUSION**

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package, and is further instructed to complete a USM-285 form with the address for Defendant Solomon Waterton and deliver all documents (as identified above) necessary to effect service to the U.S. Marshals Service.

This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated:   May 1, 2020
　　　　 New York, New York

　　　　　　　　　　　　　　　　　　　　　SO ORDERED

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　DEBRA FREEMAN
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## DEFENDANT AND SERVICE ADDRESS

Mr. Solomon Waterton
418 East 52nd Street, Apt. 3D
Brooklyn, New York 11203