USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/9/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALPHONSO SYVILLE,

                Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                Defendants.

19-CV-9988 (VEC)

OPINION

VALERIE CAPRONI, United States District Judge:

On April 6, 2023, *pro se* Plaintiff, Alphonso Syville, filed a Motion to reopen this case (the "Motion"). Dkt. 38. The case was dismissed with prejudice on July 10, 2020 after Plaintiff and Defendants reached a settlement. Dkt. 33. On April 18, 2023, this Court referred the Motion to Magistrate Judge Figueredo for the preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b). Dkt. 39. On December 20, 2023, Magistrate Judge Figueredo issued a report and recommendation recommending that Plaintiff's motion be denied (the "R&R"). Dkt. 47. No objections to the R&R were filed. For the following reasons, the Motion is DENIED.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When, as here, no party objects to the Magistrate Judge's report and recommendation the court may accept the report and recommendation provided that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72(b) advisory committee's note.

Careful review of the R&R reveals that there is no facial error in its conclusions. The

Court agrees with Magistrate Judge Figueredo's recommendation that the Motion should be denied because: (1) Plaintiff's motion is untimely, filed almost three years after the case was dismissed, R&R at 6–7; (2) Plaintiff cannot show good cause to reopen the case because the general release he signed as part of the settlement agreement is "an enforceable contract," he "explicitly agreed to all its terms," and he does not allege that he settled under duress or as the result of fraud, R&R at 7– 11; and (3) Plaintiff's Motion to vacate or modify the general release is barred by collateral estoppel, as the enforceability of the general release was actually litigated and decided in *Syville v. City of New York*, No. 20-cv-4633, 2022 WL 16541162 (S.D.N.Y. Oct. 28, 2022), R&R at 11–14.

## CONCLUSION

Because Plaintiff did not object to the R&R, and because the R&R expressly warned that the failure to timely object would result in the waiver of any such objections, appellate review of this decision is precluded.  *See* Fed. R. Civ. P. 72(b) advisory committee's note; *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 603 (2d Cir. 2008).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this ruling would not be taken in good faith and, therefore, permission to appeal *in forma pauperis* is denied.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully requested to mail a copy of this Opinion to Plaintiff and to note service on the docket.  The Clerk of the Court is further requested to close the open motion at Dkt. 38.

**SO ORDERED.**

Dated: January 9, 2024
      New York, New York

                                                VALERIE CAPRONI
                                                United States District Judge